UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA S. REDDISH | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-955-XR |
| | § | |
| J.P. MORGAN CHASE, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation in this case, filed January 3, 2011 (Docket Entry No. 5).  After due consideration, the Court will accept the Magistrate Judge's recommendation.

Plaintiff filed her motion to proceed in forma pauperis (IFP), proposed complaint, and a motion to appoint counsel on November 24, 2010.[1]  Her complaint proposed claims based on Title VII, the American with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Equal Pay Act (EPA).  Magistrate Judge Mathy issued an Order to Show Cause on November 30, 2010, and denied the motion to appoint counsel.[2]  Plaintiff filed a response to the show cause order on December 10, 2010.[3]  Judge Mathy issued a Report and Recommendation on

---

[1] Mot. to Proceed IFP, Nov. 24, 2010 (Docket Entry No. 1); Mot. to Appoint Counsel, Nov. 24, 2010 (Docket Entry No. 2).

[2] Order to Show Cause, Nov. 30, 2010 (Docket Entry No. 3).

[3] Pl.'s Resp. to Order to Show Cause, Dec. 10, 2010 (Docket Entry No. 4).

1

January 3, 2011.[4]

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on January 4, 2011 (Docket Entry No. 7) and was received on January 6, 2011 (Docket Entry No. 8). No objections have been filed. Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Judge Mathy concluded that Plaintiff's proposed Title VII, ADA, and ADEA claims are time-barred.[5] Plaintiff's former counsel received a Notice of Suit Rights letter from the EEOC on August 24, 2010.[6] The letter noted that any lawsuit on these claims must be filed within 90 days of the date she received the letter,[7] or November 22, 2010. On August 27, 2010, Plaintiff received a letter from her attorney, which instructed her that she had 90 days from the issuance of the letter, or November 22, 2010, to file her lawsuit.[8] Nonetheless, Plaintiff did not hand deliver her proposed complaint and

---

[4] Report and Recommendations, Jan. 3, 2011 (Docket Entry No. 5).

[5] *Id.* at 13.

[6] EEOC Dismissal and Notice of Rights, Aug. 23, 2010 (attachment to Pl.'s Response to Show Cause Order).

[7] *Id.*

[8] Letter from Brent Sykora to Patricia Reddish, Aug. 27, 2010 (attachment to Pl.'s Resp to Show Cause Order). The letter incorrectly stated the date as November 22, 2008, but Plaintiff


motion to proceed IFP until November 24, 2010. Magistrate Judge Mathy issued a show cause order directing Plaintiff to explain her failure to file within the 90 day limit, but Plaintiff failed to provide any explanation of why she could not have filed the documents on or before November 22, 2010. Thus, there is no basis to conclude that the limit is subject to equitable tolling. *See Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (citing *Blumberg v. HCA Management Co.*, 848 F.2d 642, 644 (5th Cir. 1988)) ("The claimant bears the burden of equitable tolling.").

Judge Mathy also concluded that Plaintiff's proposed EPA claim should be dismissed, because she has failed to allege facts regarding two elements of a prima facie claim under the Act.[9] A prima facie EPA claim requires proof (1) that the employer is subject to the Act; (2) the plaintiff performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) the plaintiff was paid less than an employee of the opposite sex providing the basis for comparison. *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993) (citing *Jones v. Flagship International,* 793 F.2d 714, 722-23 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 20010 (1987)). Even after being ordered to do so by Judge Mathy's show cause order, Plaintiff has not alleged any facts that can be construed to allege that she was discriminated against on the basis of her gender.

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's

---

acknowledged that she understood it to mean November 22, 2010. Pl.'s Response to Show Cause Order.

[9]Report and Recommendation at 14.

Recommendation, DENIES plaintiff's motion for leave to proceed IFP (Docket Entry No. 1), and DISMISSES this case without prejudice.

It is so ORDERED.

SIGNED this 15th day of February, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE